IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JARED DAKOTA FROST, <br> AIS 289681, <br>     Plaintiff, <br> v. <br> JENNIFER DAVENPORT, et al., <br>     Defendants. | ) ) ) ) ) ) ) CASE NO. 2:24-CV-192-RAH-KFP ) ) ) ) ) |

**RECOMMENDTION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Jared Frost, an inmate incarcerated at Kilby Correctional Facility, filed this Complaint on a form used by inmates for filing 42 U.S.C. § 1983 actions. After reviewing the Complaint and finding deficiencies with this pleading, the undersigned determined that Plaintiff should be provided an opportunity to file an amended complaint to correct the deficiencies. On April 23, 2024, the undersigned entered an Order explaining the deficiencies in the Complaint and providing Plaintiff with specific instructions regarding filing an amended complaint. Doc. 5. Plaintiff was specifically cautioned that his failure to comply with the directives of the April 23 Order would result in a Recommendation this case be dismissed. *Id.* at 3.

On May 10, 2024, Plaintiff's copy of the April 23, 2024, Order was returned as undeliverable. In response to a recommendation that this case be dismissed for Plaintiff's failure to notify the Court of his current address (Doc. 7), Plaintiff filed an objection (Doc. 8). The undersigned then withdrew the recommendation (Doc. 9) and entered an Order July

15, 2024, directing the Clerk to mail Plaintiff a copy of the April 23, 2024, Order and granting him an extension to July 29, 2024, to file his amended complaint (Doc. 10). Plaintiff has not filed an amended complaint or otherwise complied with the Orders of April 24 and July 15, 2024, and the time for doing so has expired.

Because of Plaintiff's failure to comply with the Court's orders, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

It is further ORDERED that by **September 3, 2024**, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections

will not be considered. The Recommendation if not a final order and therefore it is not appealable.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1.

DONE this 19th day of August, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE